**SO ORDERED.**

**SIGNED** this 4th day of December, 2014.



_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

_____

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

### DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Marvin W. Riley, Jr., | ) | Case No. 05-80548 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Marvin W. Riley, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 14-09037 |
| | ) | |
| AmTrust Mortgage Corporation | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION FINDING
### STATE COURT JUDGMENT VOID AB INITIO

This matter came before the Court on October 9, 2014, in Durham, North Carolina, on the Motion by the Plaintiff for entry of Default Judgment, filed August 10, 2014 [Bankr. Case No. 05-80548 Doc. #60; Ap. No. 14-09037, Doc. #10] (the "Motion"). At the hearing, Cheryl

1

Y. Capron appeared on behalf of the Debtor. No other party appeared or objected to the Motion.

The Debtor filed a voluntary Chapter 13 petition on February 24, 2005 [Bankr. Case No. 05-80548 Doc. #1], and the case converted to a Chapter 7 proceeding on February 15, 2006 [Bankr. Case No. 05-80548 Doc. #27].

At the time of the filing, the Debtor owned a doublewide mobile home at the address of 1418 William Riley Road, Efland, North Carolina 27243 (the "Property"). The Property was listed in Schedule A of the bankruptcy petition and claimed as exempt. At the time of filing, Ohio Savings Bank held a secured lien on the Property. The Debtor listed Ohio Savings Bank as a secured creditor with a lien on the Property. During the bankruptcy case, Ohio Savings Bank filed a proof of claim and a Motion for Relief from the Automatic Stay with respect to the Property [Bankr. Case No. 05-80548 Doc. #35]. There was no opposition to the Motion for Relief from Automatic Stay, and this Court granted the motion on March 29, 2006 [Bankr. Case No. 05-80548 Doc. #43].

On May 11, 2006, the Court entered its Order granting the Debtor a Chapter 7 discharge [Bankr. Case No. 05-80548 Doc. #45] (the "Discharge Order"), discharging the Debtor's personal liability on all dischargeable pre-petition obligation, including without limitation, the obligation to Ohio Savings Bank. Sometime after entry of this Court's discharge order, AmTrust Mortgage Corporation (the "Defendant") succeeded Ohio Savings Bank in interest.

On October 29, 2008, the Defendant filed a Complaint (the "AmTrust Complaint")against the Plaintiff in the General Court of Justice, Superior Court Division Orange County, North Carolina (the "State Court"), case number 08 CVS 1666. [Ap. No. 14-

09037, Doc. #1, Exhibit 3]. The AmTrust Complaint sought a reformation of the deed of trust on the Property, a declaratory judgment clarifying the status of the Defendant's lien on the Property, a quiet title order, the judicial sale of the Property, and a claim for monetary judgment for more than $90,000.00. [Ap. No. 14-09037, Doc. #1, Exhibit 4].

The Debtor failed to respond to the AmTrust Complaint, and, on March 16, 2009, the State Court entered an Order and Judgment by default against the Debtor. The Order and Judgment was recorded in the Register of Deeds for Orange County, North Carolina at Book RB4724, Page 238 (the "State Default Judgment"), and awarded judgment against the Debtor as follows: (1) a declaration that AmTrust had properly perfected its lien on the real property; (2) a declaration that AmTrust had a valid and enforceable first lien on the property and entitlement to foreclose on its lien on the Property; (3) a quiet title to the real property; and (4) a money judgment in the amount of $90,830.40 with interest at $17.11 per day from and after October 31, 2008 until paid plus interest in the amount of $5,717.06 and costs of $1,902.28 plus fees in the amount of 414,482.12. [Ap. No. 14-09037, Doc. #1, Exhibit 4].

Thereafter, the Debtor filed a Motion to Reopen the Case [Bankr. Case No. 05-80548 Doc. #49] (the "Motion to Reopen") in this Court. This Court granted the Motion to Reopen on November 15, 2013 [Bankr. Case No. 05-80548 Doc. #57]. Debtor then initiated this adversary proceeding by filing a Complaint for a Determination that a Judgment for Money Owed on a Discharged Debt is Void and Unenforceable [Bankr. Case No. 05-80548 Doc. #59; Ap. No. 14-09037, Doc. #1] (the "Complaint").

In the Complaint the Debtor prays that the Court enter a declaratory judgment that the portion of the State Default Judgment granting AmTrust a money judgment against the Debtor

3

is "void and uncollectible" under 11 U.S.C. § 524(a)(1). [Bankr. Case No. 05-80548 Doc. #59; Ap. No. 14-09037, Doc. #1].

The Summons and Complaint having been duly issued and properly served upon the Defendant with no Answer or Motion received within thirty days of service, the Debtor asked for declaratory judgment in its Motion. [Bankr. Case No. 05-80548 Doc. #60; Ap. No. 14-09037, Doc. #10].

DISCUSSION

The United States Bankruptcy Code provides that the discharge entered in any bankruptcy case "voids any judgment at any time obtained to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged . . . whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(1).

**Determination of Discharge**

By the express terms of 11 U.S.C. § 524(a)(1), any judgment entered after entry of the discharge is void to the extent that the judgment purports to establish personal liability of the Debtor with respect to a discharged debt. In this case, the Debtor did not raise the issue of his discharge as a defense in the State Court, and, therefore, the issue of whether this debt was discharged was not an issue actually litigated in in the State Court. As a result, this Court may determine whether the underlying obligation was discharged. See Sartin v. Macik, 535 F.3d 284, 287 and 289 (4th Cir. 2008) (overruling a bankruptcy court decision based on collateral estoppel and finding North Carolina Courts would not give collateral estoppel effect to a default judgment issued in state court; and stating that, "under state law, the default judgment...is not entitled to collateral estoppel effect in the subsequent bankruptcy proceeding"); and In re Ansari, 113 F.3d 17, 22 (4th Cir. 1997) ("[a] default judgment cannot be used for collateral estoppel purposes, because no issues are actually litigated.").

This Court finds that the debt was discharged.  Under 11 U.S.C. § 727(b), "a discharge… discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . ." unless there is a timely and successful action brought objecting to the debtor's discharge based upon one of the exceptions listed in 11 U.S.C. § 727(a), none of which exceptions are applicable in this case.  With no objections on the basis of an exception having been filed in this Court, the Court issued an order granting the Debtor's discharge and discharging all pre-petition debts on May 11, 2006 [Bankr. Case No. 05-80548 Doc. #45].

**<u>Effect of Discharge</u>**

Having determined that the underlying debt was discharged, the Court must consider what, if any, the effect of the discharge is on the efficacy of the State Default Judgment entered after the entry of this Court's discharge order.  As set forth above, the language of 524(a)(1) states, "[a] discharge in a case under this title voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged . . . , whether or not discharge of such debt is waived."

Collier on Bankruptcy explains the intent and effect of this statute as follows:

Section 524(a)(1) clearly pertains to judgments obtained both before and after the discharge order, in that it refers to "any judgment at any time obtained."

\* \* \*

Section 524(a) is meant to operate automatically, with no need for the debtor to assert the discharge to render the judgment void.  A bankruptcy court can find that a postpetition state court judgment is void despite the full faith and credit normally given to state court judgments.  Because of the language that such a judgment is void, "whether or not discharge of such debt is waived," a creditor cannot claim that the voidness of the judgment was waived under a theory of estoppel when a debtor fails to raise the discharge as a defense.

4 Collier on Bankruptcy ¶ 524.02[1] (Alan Resnick & Henry Sommer eds. 16th ed.).  See also In re Hamilton, 540 F.3d 367 (6th Cir. 2008) (finding a state court judgment that modifies a discharge order is void ab initio); Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich), 229 B.R. 777, 783 (9th Cir. BAP 1999) (finding a state court's judgment holding a debtor personally liable on a discharged debt is void ab initio because it was clearly erroneous and the bankruptcy court had the power under Section 524 to find the decision void); In re Presley, 288 B.R. 732, 735-736 (Bankr. W.D. Va. 2003) (holding that a bankruptcy court may declare post-discharge judgment entered by the state court void where the judgment is void as having been entered in violation of the discharge injunction); Keenom v. All America Marketing (In re Keenom), 231 B.R. 116, 128 (Bankr.M.D.Ga.1999) (finding a bankruptcy court can void judgment entered post-discharge in a state court if the state court determines that the debtor is personally liable for a debt previously discharged by the bankruptcy court); and In re Meadows, 428 B.R. 894, 910 (Bankr. N.D.Ga. 2010) (interpreting "void" to be a term of art that equals nullity, giving any court the ability to make a collateral attack on a judgment); In re Gurrola, 328 B.R. 158, 170 (B.A.P. 9th Cir. 2005) ("It follows, that the defense of discharge in bankruptcy is now an absolute, nonwaivable defense.").

## CONCLUSION

For the reasons set forth above, the Debtor's Motion for Summary Judgment will be GRANTED, and this Court will enter judgment contemporaneously herewith declaring the State Default Judgment void ab initio to the extent that the State Default Judgment purports to award a money judgment against the Debtor Marvin W. Riley, Jr a/k/a Marvin Riley a/k/a Marvin Wilson Riley, Jr. (the "Debtor").  Specifically, and without limitation, the State Default Judgment will be declared NULL AND VOID AB INITIO with respect to the relief granted against the Debtor

under the Fifth Claim for Relief as set forth in Paragraph 5, at page 4 of the Default Judgment, along with all associated costs and attorneys' fees. The Judgment further will authorize the Debtor to record the accompanying Judgment in the State Court's records to further effectuate this relief.